UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HENRY BENITEZ

                                                 DECISION & ORDER

                         Plaintiff,

                                                 17-CV-6230W

           v.

MINDY KING, et al.,

                         Defendants.
_____

           Pending before this Court is defendants' motion for an order compelling plaintiff to produce certain documents demanded in Defendants' First Document Demands. (Docket # 34-1). The documents at issue are grievances and related documents filed by plaintiff concerning his causes of action. (*Id.*).

           Plaintiff has opposed the motion on the grounds that he does not have copies of those documents in his possession and does not have the ability to obtain them. (Docket # 36). He claims that responsive documents are contained within his personal letters that are in property bags maintained by the facility. (*Id.* at ¶¶ 2-4). According to plaintiff's Declaration, he filed a grievance requesting that he be provided with copies of his correspondence, but his request was denied. (*Id.* at ¶¶ 2-6). Defendants did not reply to plaintiff's opposition, although they have argued in a subsequently-filed motion to dismiss that plaintiff "has been unable or unwilling to provide any evidence supporting []his contention [that he filed grievances relating to all his claims]." (Docket # 38-4 at 1).

In support of his opposition, plaintiff has submitted a copy of the grievance he filed requesting production of his personal letters. (Docket # 36 at 5-7). The record shows that the Superintendent denied his appeal of the grievance on the grounds that:

> SHU porters do not distribute cell property to incoming SHU inmates, the SHU Property Officer does. Grievant was provided the opportunity to obtain the property he was entitled to. Appeal is denied.

(*Id.* at 7). Plaintiff apparently maintains that he was never given the opportunity to obtain copies of his personal letters after he was initially placed in SHU (which was before the discovery requests were served). (*See* Docket # 36 at ¶ 11).

By contrast, defendants maintain that "plaintiff's facility" has advised defendants' counsel that plaintiff, who is housed in SHU,

> has access to all his paperwork upon request[;] [p]er the facility, [p]laintiff could have simply requested any documents in any of his property bags, and has never been denied any property bags; [t]he facility informed . . . there is no reason [p]laintiff could not have produced any documents demanded located in his property bags.

(Docket # 34-1 at ¶ 8).

The record before the Court is unclear whether plaintiff had access upon his request to the "personal letters" he identifies as responsive to defendants' requests following the service of those document demands. Accordingly, defendants are directed to make arrangements to permit plaintiff to obtain from his property bags his letters and other documents responsive to defendants' requests. By no later than **October 25, 2018**, plaintiff must be provided with an adequate opportunity to obtain those documents from his property bags or other receptacle in which they are stored. By no later than **November 8, 2018**, plaintiff must produce to defendants' counsel copies of all documents responsive to defendants' document requests that

2

are in his possession, custody or control, including those that are stored in his property bags or other receptacle to which he has access.

## CONCLUSION

For the reasons stated above, defendants' motion to compel **(Docket # 34)** is **GRANTED in PART and DENIED in PART**.

**IT IS SO ORDERED.**

                                                              *s/Marian W. Payson*
                                                               MARIAN W. PAYSON
                                               United States Magistrate Judge

Dated: Rochester, New York
        October 10, 2018