UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

HENRY BENITEZ,

         Plaintiff,

   v.

MINDY KING, et al.,

         Defendants.
_____

**DECISION AND ORDER**

6:17-CV-06230 EAW

## INTRODUCTION

*Pro se* plaintiff Henry Benitez ("Plaintiff") commenced this action against 87 named and unnamed prison officials pursuant to 42 U.S.C. § 1983, alleging various constitutional violations arising out of his incarceration at the Elmira Correctional Facility. (Dkt. 1). On November 7, 2019, the Court entered a Decision and Order granting in part and denying in part Defendants' motion for summary judgment, and directed judgment in favor of all Defendants except Michael Clark ("Clark"), Paul Chappius ("Chappius"), G. Frazer ("Frazer"), Raymond Coveny ("Coveny"), Jeff Scranton ("Scranton"), Patrict Gilligan ("Gilligan"), Paul Piccolo ("Piccolo"), Daniel Mazzaraco ("Mazzaraco"), E. Baskoff ("Baskoff"), Kevin Ott ("Ott"), Candice Baker ("Baker"), and Jane Does (1-5) (collectively, "Defendants"). (Dkt. 51 (the "November 7th D&O")). The basis for the Court's grant of partial summary judgment was Plaintiff's failure to comply with the exhaustion requirements set forth in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (*Id.* at 7-13).

Pending before the Court are Plaintiff's motion for partial reconsideration of the November 7th D&O (Dkt. 54), and Defendants' cross-motion for partial reconsideration of the November 7th D&O (Dkt. 56). For the following reasons, Plaintiff's motion is granted in part and denied in part, and Defendant's cross-motion is denied.

## BACKGROUND

The factual background of this matter is set forth in the November 7th D&O, familiarity with which is assumed for purposes of this Decision and Order.

Plaintiff filed his motion for reconsideration on January 2, 2020. (Dkt. 54). Defendants filed their opposition and cross-motion for reconsideration on January 14, 2020. (Dkt. 56). Plaintiff filed a declaration in opposition to Defendants' cross-motion and in further support of his motion on April 29, 2020. (Dkt. 58).[1]

## DISCUSSION

### I.  Legal Standard

Plaintiff does not cite the statute pursuant to which he brings his motion, and "[t]he Federal Rules of Civil Procedure do not recognize a motion for 'reconsideration.'" *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). However, under Federal Rule of Civil Procedure 54(b), the Court has inherent power to reconsider

---

[1]  Pursuant to Western District of New York Local Rule 7(b)(2)(B), Plaintiff's response to Defendants' cross-motion was due within fourteen days after service thereof. The Court has considered Plaintiff's response notwithstanding its untimeliness, but Plaintiff is cautioned that the Court expects his future filings to comply with the Court's Local Rules and that filings not in compliance may be stricken.

any of its own entries prior to the entry of judgment adjudicating all the claims. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Because Plaintiff is *pro se*, the Court will liberally construe his motion as requesting relief under Rule 54(b). Further, because Defendants indicate that their cross-motion for reconsideration is based on the same legal standard as Plaintiff's motion (*see* Dkt. 56-2 at 2), the Court also construes their request as made pursuant to Rule 54(b).

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). The Second Circuit has "limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case[.]" *Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP.*, 322 F.3d 147, 167 (2d Cir. 2003). A district court has "discretion to revisit earlier rulings in the same case, subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Id.* (internal quotation marks omitted). Decisions considered under Rule 54(b) "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Id.* (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

A.  **Plaintiff's Request to Reinstate Priest, King, Brush, and Brennan as to Claim #4 (Inadequate Care Claim)**[2]

Plaintiff asks the Court to "reinstate" Defendants M. Priest ("Priest"), Mindy King ("King"), B. Brush ("Brush"), and Brennan ("Brennan") in connection with his inadequate medical care claim, which was designated by the Court as Claim #4. (Dkt. 54 at 4). The Court permitted this claim to proceed against Baskoff, Ott, Baker, and Jane Does (1-5), finding that exhaustion was excused as the Central Office Review Committee ("CORC") had failed to issue a timely decision, which rendered the administrative process unavailable. (*Id.* at 9-10). However, upon review, the Court recognizes that grievance EL-46369-16, connected with Claim #4, also identified Priest, King, Brush, and Brennan as having been involved in the denial of care. (*See* Dkt. 38-3 at 90-91).

In opposition to Plaintiff's motion, Defendants contend that Claim #4 was limited to the issue of Defendants' alleged "failure to provide Plaintiff with medical care for purported issues of cancer, liver disease, rectal bleeding and abdominal pain." (Dkt. 56-2 at 1). As such, according to Defendants, because Brennan is a psychologist and King, Brush, and Priest are social workers, "[t]he Court correctly dismissed [these Defendants] as no credible claim could be made for their failure to provide medical care which they

---

[2]  In the November 7th D&O, the Court organized Plaintiff's allegations into 10 numbered claims. (*See* Dkt. 51 at 5). The Court denied summary judgment as to Claim #4 (denial of adequate medical care claim against Baskoff, Ott, Baker, and Jane Does (1-5)) and as to Claim #3 (conditions of confinement claim against Clark, Chappius, Frazer, Coveny, Scranton, Gilligan, Piccolo, and Mazzaraco), and granted summary judgment as to Plaintiff's remaining claims with prejudice, except the dismissal of Claim #10 (excessive force claim against G. Farr ("Farr"), R. Hartke ("Hartke"), and John Doe (49)), which was without prejudice. (*Id.* at 13).

were not qualified to provide, nor would they have been empowered to override the determinations of medical staff." (*Id.* at 1-2). Plaintiff did preface his grievance with the fact that he was suffering from cancer, liver disease, rectal bleeding, and abdominal pain. (*See* Dkt. 38-3 at 90). However, the crux of his grievance was that he had not been seen by a facility doctor or a nurse practitioner upon his arrival to the facility and that as a result, he was being denied prescribed medication and outside medical appointments. (*Id.*). Plaintiff specifically noted that he had complained regarding this matter to Priest, King, Brennan, and Brush, among others, and that they had "deliberately ignored his complain[t]s." (*Id.*).

To the extent that Priest, King, Brennan, and Brush were not medical personnel qualified to provide the care that Plaintiff required, Plaintiff may still sustain a claim against them if Plaintiff made his medical problems known to them and they intentionally delayed his access to medical care when he was in extreme pain. *See Shepherd v. Fisher*, No. 08-CV-9297 (RA), 2017 WL 666213, at *11 (S.D.N.Y. Feb. 16, 2017) ("Non-medical personnel, like prison guards, manifest deliberate indifference by 'intentionally denying or delaying access or delaying access to medical care.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 101 (1976))); *Lewis v. Wallace*, No. 9:11-CV-0867 (DNH/DEP), 2017 WL 1566557, at *8 (N.D.N.Y. Feb. 22, 2013) ("[N]on-medical personnel engage in deliberate indifference where they intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problem known to attendant prison personnel." (citation omitted)).

To satisfy the PLRA's exhaustion requirement, an inmate "need not lay out the facts, articulate legal theories, or demand particular relief"; instead, "inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) (quotation omitted); *see also Waters v. Jacobsen*, No. 9:18-CV-196 (MAD/ML), 2020 WL 1527054, at *5 (N.D.N.Y. Mar. 31, 2020). At this stage of the proceedings, there is a question of fact as to whether Priest, King, Brennan, and Brush were deliberately indifferent to Plaintiff's serious medical needs by intentionally delaying Plaintiff's access to medical care. Further, the Court cannot say as a matter of law that Plaintiff's grievance, which was concededly fully exhausted, was insufficient to put prison officials on notice of his claims as to Priest, King, Brennan, and Brush. Accordingly, the Court finds that it committed clear error in overlooking the inclusion of Priest, King, Brennan, and Brush in EL-46369-16, and grants Plaintiff's motion for reconsideration as to its grant of summary judgment as to these Defendants in connection with Claim #4.

**B.**     **Plaintiff's Request for Reconsideration as to Claim #10 (Excessive Force)**

In his opposition to Defendants' motion for summary judgment, Plaintiff conceded that he had failed to exhaust grievance EL-47207-17 (filed on April 10, 2017) as he had not yet appealed the superintendent's decision to the CORC at the time the Complaint was filed (April 12, 2017). (Dkt. 45 at 8; Dkt. 54 at 11). Consequently, in the November 7th D&O, the Court dismissed Claim #10 (excessive force claim against Farr, Hartke, and John Doe (49)) without prejudice for failure to exhaust. (Dkt. 51 at 10). Plaintiff now requests

that the Court reinstate Claim #10 as Plaintiff has since exhausted grievance EL-47207-17, which was decided by CORC on August 15, 2018.  (*See* Dkt. 54 at 4, 11).

"It is well established that [r]eceiving a decision from CORC *after* filing a federal lawsuit does not satisfy the PLRA's requirement that administrative remedies be exhausted before filing suit, and any claim not exhausted prior to commencement of the suit must be dismissed without prejudice."  *Gizewski v. New York State Dep't of Corr. & Cmty. Supervision*, No. 9:14-CV-0124 (GTS/DJS), 2016 WL 3661434, at *13 (N.D.N.Y. July 5, 2016) (internal quotation marks and citations omitted).  As such, "[t]he fact that [Plaintiff's] appeal was decided after the filing of his Complaint is insufficient to cure [his] failure to exhaust" and "filing an Amended Complaint at this time would also not correct this fundamental deficiency."  *High v. Switz*, No. 9:17-CV-1067 (LEK/DJS), 2018 WL 3736794, at *3 (N.D.N.Y. July 9, 2018) (citation omitted); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001) (holding that under the exhaustion requirement of the PLRA, "exhausting administrative remedies after a complaint is filed will not save a case from dismissal").  Accordingly, Plaintiff's request that the Court reconsider its dismissal of Claim #10 is denied.

C.     **Plaintiff's Request for Service as to Baker, Clark, and Schadawald**

Plaintiff also requests service by the United States Marshals Service ("USMS") on Baker, Clark, and T. Schadawald ("Schadawald"), who was previously identified as John Doe (49) in connection with Claim #10.  (Dkt. 54 at 5-6).  It appears from the docket in this matter that the Summons as to Clark was returned unexecuted on December 5, 2017.

(*See* Dkt. 25). Plaintiff did not thereafter raise the issue of service on Clark until filing the instant motion in January 2020.

Federal Rule of Civil Procedure 4(m) requires that a defendant be served within 90 days after the complaint in an action is filed. That deadline has long since passed in this case. Further, while Plaintiff is proceeding *in forma pauperis* and is thus entitled to service by the USMS, "[i]f a plaintiff proceeding [*in forma pauperis*] chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, [he] must advise the district court that [he] is relying on the Marshals to effect service and request a further extension of time for them to do so." *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012); *see also Dimperio v. Onondaga Cty.*, No. 9:13-CV-1202 GTS/DEP, 2015 WL 5603507, at *12 (N.D.N.Y. Sept. 23, 2015) (explaining that a *pro se* litigant may not "stand idle upon being notified that efforts by the U.S. Marshals Service to serve a particular defendant have been unsuccessful").

In this case, Plaintiff waited more than two years after the Summons as to Clark was returned unexecuted to bring the matter to the Court's attention. Further, Plaintiff's motion does not address at all the expiration of the service deadline or set forth any reason for Plaintiff's failure to raise the issue of service on Clark in a timely manner. Accordingly, the Court will not order additional service on Clark at this time. Instead, pursuant to Rule 4(m), the Court hereby orders Plaintiff to show cause, in writing, **by no later than September 30, 2020**, why this action should not be dismissed without prejudice as to Clark. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the

complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also Meilleur*, 682 F.3d at 61 (explaining that "a district court abuses its discretion when . . . it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for [him] to show good cause for the failure to effect timely service"). In particular, Plaintiff should set forth any reasons that would constitute good cause for the failure to timely serve Clark, including an explanation for the two-year delay in raising the issue with the Court.

Having declined to reinstate Claim #10, the Court denies Plaintiff's request for service by the USMS as to Schadawald, who was only listed as a defendant in connection with Claim #10. Moreover, the Court finds moot Plaintiff's request for service as to Baker as Baker was already served on July 12, 2017. (*See* Dkt. 12 at 23).

### D. <u>Defendants' Request for Reconsideration as to Mazzaraco, Ott, and Baker</u>

Defendants cross-move for reconsideration of the November 7th D&O as to Mazzaraco, Ott, and Baker. (Dkt. 56-2 at 2). Defendants argue that grievance EL-46368-16, which relates to Claim #3 (conditions of confinement claim), could not have placed the facility on notice that Plaintiff was claiming he was subject to false accusations by Mazzaraco. (*Id.* at 2-3). Defendants also argue that because grievance EL-46369-16 alleges that Plaintiff had not been seen by a doctor or nurse practitioner, the grievance could not have placed the facility on notice that Plaintiff was claiming Ott and Baker—a doctor and a nurse—had provided him with inadequate medical treatment. (*Id.* at 3).

Defendants did not raise these specific arguments in their prior motion for summary judgment or in their reply to Plaintiff's memorandum in opposition. (*See* Dkt. 38; Dkt. 46). In their three page memorandum of law in support of their motion for summary judgment, Defendants argued that summary judgment was proper against the 86 named and unnamed Defendants solely for Plaintiff's failure to exhaust as none of Plaintiff's grievances had been decided by CORC when the instant action was filed. (*See* Dkt. 38). "A party may not . . . use a motion for reconsideration to . . . present 'new theories' or arguments that could have been raised earlier . . . or [to] otherwise tak[e] a second bite at the apple." *Mclellan v. Chapdelaine*, No. 3:16-cv-2032 (VAB), 2017 WL 3841469, at *2 (D. Conn. Sept. 1, 2017) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also Jeanty v. City of Utica*, No. 6:16-cv-00966 (BKS/TWD), 2018 WL 2383582, at *1 (N.D.N.Y. May 25, 2018) ("When adjudicating a motion for reconsideration, a court need not consider arguments that were raised for the first time in the pending motion." (citing *Philips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015))); *Weiss v. El Al Israel Airlines, Ltd.*, 461 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

Further, the Court disagrees with Defendants' characterizations of Plaintiff's grievances. The investigation into grievance EL-46368-16 clearly involved inquiry into his purported history of throwing items at staff and whether his confinement in his cell with a plexiglass cover was justified on this basis. (*See* Dkt. 38-3 at 31 (superintendent's denial of grievance EL-46368-16 on the basis that Plaintiff "has a history of throwing body fluids

- 10 -

and has done so on several occasions" and "continues to threaten to throw bodily fluids at staff," as well as Plaintiff's responsive assertion that these statements are false)). Further, while Mazzaraco is not specifically identified in the grievance, "it is plain that a New York state prisoner is not required to name responsible parties in a grievance in order to exhaust administrative remedies." *Espinal v. Goord*, 558 F.3d 119, 125 (2d Cir. 2009). The Court cannot say, at this point in the proceedings, that grievance EL-46368-16 was insufficiently detailed to put the prison on notice of Plaintiff's claim that Mazzaraco had falsely accused him of throwing and threatening to throw items at staff.

Turning to grievance EL-46369-16, while Plaintiff did allege that he had not seen a doctor or nurse practitioner, he also claimed that a correctional officer had interfered in his conversations with the facility's nurses when escorting him to get medical care. (Dkt. 38-3 at 92). Further, the superintendent's response summarized the grievance as follows: "Grievant states that he has numerous health issues and the Medical Department is refusing to treat him. Investigation reveals that grievant has been and continues to be treated by facility medical staff and by oncological specialists." (*Id.* at 93). In other words, the record shows that the prison did not interpret Plaintiff's grievance in the narrow manner that Defendants now claim it must be read. Again, the Court is not prepared to say at this point in the proceedings that this grievance was insufficient to satisfy Plaintiff's obligation to exhaust his administrative remedies. For these reasons, Defendants' cross-motion for reconsideration is denied.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for reconsideration of the November 7th D&O (Dkt. 54) is granted in part and denied in part, and Defendants' cross-motion for reconsideration of the November 7th D&O (Dkt. 56) is denied. Specifically, the Court reinstates Priest, King, Brennan, and Brush in connection with Claim #4, but denies Plaintiff's request to reinstate Claim #10. The Court further denies Plaintiff's request for service by the USMS as to Clark, Baker, and Schadawald, and orders Plaintiff to show cause, in writing, by **no later than September 30, 2020**, why this action should not be dismissed without prejudice as to Clark pursuant to Federal Rule of Civil Procedure 4(m).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   August 24, 2020
         Rochester, New York